# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

SIDNEY JOHNSON,                            ]
                                           ]
    **Plaintiff,**                        ]
                                           ]
**v.**                                     ]          **2:25-cv-791-ACA**
                                           ]
**PIGGLY WIGGLY ALABAMA**                  ]
**DISTRIBUTING COMPANY, INC.,**            ]
***et al.*,**                              ]
                                           ]
    **Defendants.**                      ]

## MEMORANDUM OPINION

Plaintiff Sidney Johnson filed suit against Defendant Piggly Wiggly Alabama Distributing Company, Inc. ("Piggly Wiggly"). (Doc. 1). The only claim remaining in this case is that Piggly Wiggly discriminated against Mr. Johnson, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12203, 12112(a), by firing him because he went to a doctor's appointment. (Doc. 1 at 5; *see* docs. 17, 19). Piggly Wiggly moves for summary judgment in its favor because Mr. Johnson did not exhaust the claim by filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Docs. 24, 26).

A plaintiff seeking to file a claim under the ADA must first exhaust his administrative remedies by filing a timely charge of discrimination with the EEOC. 42 U.S.C. §§ 12117(a), 2000e-5(e)(1). This rule is not jurisdictional but is instead a

mandatory "processing rule" that the court must enforce if a party asserts it. *Fort Bend Cnty. v. Davis*, 587 U.S. 541, 551–52 (2019).

Mr. Johnson concedes that he did not file a charge of discrimination with the EEOC. (Doc. 30 at 1–2; doc. 31). The claim is therefore unexhausted. *See* 42 U.S.C. §§ 12117(a), 2000e-5(e)(1). Nevertheless, Mr. Johnson contends, Piggly Wiggly forfeited the exhaustion defense by waiting to raise it at summary judgment. (Doc. 30 at 2). Mr. Johnson is incorrect. Piggly Wiggly asserted lack of exhaustion in its answer to Mr. Johnson's complaint. (Doc. 13 at 4). It therefore timely asserted the defense, and this court must enforce the exhaustion requirement. *See Fort Bend Cnty.*, 587 U.S. at 551 ("Title VII's charge-filing requirement is a processing rule, albeit a mandatory one."). The court therefore **WILL GRANT** Piggly Wiggly's motion for summary judgment and **WILL ENTER SUMMARY JUDGMENT** in its favor and against Mr. Johnson on his claim of ADA discrimination.

The court will enter a separate final judgment.

**DONE** and **ORDERED** this May 8, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE